**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| HYO JUNG SUH <br> IN SOOK SUH <br><br> Plaintiffs, <br><br> v. <br><br> THE FITZPATRICK LAW OFFICE, P.C. <br><br> Defendant | * <br> * <br> *  COMPLAINT <br> * <br> * <br> * <br> *  JURY TRIAL DEMANDED <br> * <br> * <br> * |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

**PARTIES**

4. Plaintiffs are a married couple who reside in Montgomery County, Maryland, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant The Fitzpatrick Law Office, P.C. ("Fitzpatrick") is a law firm specializing in debt collection with its principal place of business located at 4118 Leonard Drive, Suite 200, Fairfax, VA 22030. Defendant Fitzpatrick is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt that was previously owed by Plaintiffs.

**FACTUAL ALLEGATIONS**

6. In 2006, Plaintiffs obtained a second mortgage on their home from Chevy Chase Bank. This was an obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. In 2008, Plaintiffs' home was foreclosed by Wells Fargo Bank, the senior lienholder; it does not appear that Chevy Chase Bank received any proceeds from the foreclosure sale.

8. On or about August 2, 2010, Plaintiffs sought relief from their creditors by filing a Chapter 7 bankruptcy with the United States Bankruptcy Court for the District of Maryland (Case No. 10-27511).

9. The Plaintiffs only filed bankruptcy as a last resort and the decision weighed heavily on their marital relationship.

10. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed in favor of "Chevy Chase Bank" in the amount of $170,996.00. A copy of the filed Schedule F is attached as **Exhibit A**.

11. On or about August 5, 2010, the Clerk of the Bankruptcy Court certified that it had sent out notice of Plaintiffs' bankruptcy to all creditors as well as the Bankruptcy Noticing Center, AACER, and BANKO. A copy of this certification is attached as **Exhibit B**.

12. The § 341 Meeting of Creditors was held on September 7, 2010 in Greenbelt, Maryland. Neither a representative of Defendant nor a representative of Chevy Chase Bank appeared at this hearing.

13. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C. § 523 to determine the dischargeability of this debt.

14. On November 10, 2010, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524.  The Plaintiffs allege that this Discharge included the debt to Chevy Chase which Defendant is now attempting to collect.

15. On or about November 12, 2010, the Clerk of the Bankruptcy Court certified that it had sent out a copy of the Order of Discharge to all scheduled creditors as well as the Bankruptcy Noticing Center, AACER, and BANKO. A copy of this certification is attached as **Exhibit C**.

16. On or about January 13, 2012, without doing any due diligence, Defendant mailed a collection letter to each Plaintiff, demanding a balance of $170,996.20 for their client Chevy Chase Bank.

17. Copies of these letters are attached as **Exhibit D.** These letters were communications, as defined by 15 U.S.C. § 1692a(2).

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.**

18. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

(1) The plaintiff has been the object of collection activity arising from consumer debt;

(2) The defendant is a debtor collector as defined by the FDCPA; and

(3) The defendant has engaged in an act or omission prohibited by the FDCPA.

20. Here, all elements are present, satisfied, and cannot be disputed.

21. The Honorable Judge Easterbrook wrote in *Randolph v. IMBS Inc. et al*, 368 F.3d 726 (7th Cir. 2004) that, "A demand or immediate payment while a debtor is in bankruptcy or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not."

22. Therefore Defendant's aforementioned attempt to collect on a debt that Plaintiffs discharged in their bankruptcy was a false statement to the Plaintiffs, in direct violation of 15 U.S.C. §§ 1692(e), e(2)(a), e(10).

23. Plaintiffs had filed bankruptcy specifically to gain relief from their creditors and to stop these kinds of collection efforts.

24. Through Defendant's actions the Plaintiffs have been severely agitated, annoyed, traumatized, and emotionally damaged by the actions of the Defendant.

25. Plaintiffs' emotional damages were further exacerbated by their expectations that they were free from their old debt by virtue of the bankruptcy discharge.

26. Plaintiffs were concerned and anxious about the possibility that undersigned counsel had improperly handled their bankruptcy case.

27. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiffs pray that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiffs;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiffs;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiffs; and

d) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

28. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 2nd day of February, 2012;

HYO JUNG SUH

IN SOOK SUH

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com