## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN SOOK SUH AND<br>HYO JUNG SUH | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 8:12-CV-00329-RWT |
| | ) | |
| THE FITZPATRICK LAW OFFICE, P.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES AND COUNTERCLAIM

Defendant, The Fitzpatrick Law Office, P.C., by and through its attorney Birgit Dachtera Stuart, Esquire, as and for its Answer to Plaintiffs' Complaint and asserting a certain Counterclaim in response thereto, states as follows:

## ANSWER

1.      The allegations in Paragraph 1 of the Complaint relate to jurisdiction, for which an answer either admitting or denying the assertions is not required.

2.      In answer to the allegations in Paragraph 2 of the Complaint, Defendant admits Plaintiffs allege violations of the FDCPA.  Defendant denies it violated the FDCPA or any other state or Federal law.

3.      The allegations in Paragraph 3 of the Complaint relate to venue, for which an answer either admitting or denying the assertions is not required.

4.      Defendant admits on information and belief, that Plaintiffs are a married couple residing in Montgomery County, Maryland.  Defendant lacks sufficient knowledge or information to either admit or deny that Plaintiffs are "consumers" as that term is

1

defined by 15 U.S.C. §1692a(3), and on that basis denies said allegations.  Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendant admits that it is a law firm with its principal place of business as set forth in the Complaint.  Defendant further admits that at times, it acts as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and it was attempting to collect a debt incurred by Plaintiffs.  Defendant lacks sufficient knowledge or information as to the nature of the debt at issue, and on that basis, denies it was a "debt," or that it was acting as a "debt collector" as those terms are defined by the FDCPA at the times alleged in this Complaint.

6.      Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 6 of the Complaint, and on that basis denies same.

7.      Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis denies same.

8.      Defendant admits that Plaintiffs filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court on or about August 2, 2010.  Defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 8, and on that basis denies them.

9.      Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 9 of the Complaint, and on that basis denies same.

10.     Defendant avers that Exhibit A speaks for itself.

11.     Defendant denies that Exhibit B shows notice to the Bankruptcy Noticing Center, AACER and BANKO and further avers that Exhibit B speaks for itself.

12.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 12 of the Complaint, and on that basis denies same.

13.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 of the Complaint, and on that basis denies same.

14.     Upon information and belief, Defendant admits Plaintiffs obtained a discharge as alleged in Paragraph 14 of the Amended Complaint, but denies that it is now attempting to collect this debt.

15.     Defendant denies that Exhibit C shows notice to the Bankruptcy Noticing Center, AACER and BANKO and further avers that Exhibit C speaks for itself.

16.     In answer to the allegations in Paragraph 16 of the Complaint, Defendant admits that it mailed a collection letter to each Plaintiff dated January 13, 2012.  Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that copies of these letters are attached to the Complaint as Exhibit D. Defendant denies the remaining allegations in Paragraph 17 of the Complaint, as Defendant has no knowledge as to whether the debt was a "debt" as defined by the Fair Debt Collection Practices Act.

18.     In answer to the allegations in Paragraph 18 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 17.

19.     As Paragraph 19 makes no allegations against this answering Defendant, it does not require an answer.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     As Paragraph 21 makes no allegations against this answering Defendant, it does not require an answer.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 23 of the Complaint, and on that basis denies same.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 25 of the Complaint, and on that basis denies same.

26.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 26 of the Complaint, and on that basis denies same.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that Plaintiffs request a trial by jury.

## FIRST AFFIRMATIVE DEFENSE

Defendant states that any violation of any state or federal law, which Defendant denies occurred, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests relief as follows:

1.     That Plaintiffs take nothing by their alleged causes of action;

2.     That Defendant be awarded judgment in its favor dismissing all of Plaintiffs' claims against Defendant, with prejudice;

3.     That Defendant be awarded costs, disbursements, and reasonable attorneys' fees incurred herein upon the dismissal of Plaintiffs' claims; and

4.     Such further and other relief the Court may deem just, fair and equitable under the circumstances.

## FIRST COUNTERCLAIM

1.      In Sook Suh and Hyo Jung Suh (collectively "the Suhs") have submitted to the personal jurisdiction of this Court by asserting claims against The Fitzpatrick Law Office, P.C. ("Law Firm")

2.      Jurisdiction of this Court arises under 28 U.S.C. §1331, and pursuant to 15 U.S.C. §1692k(d).

3.      The venue is proper in this district as the acts and transactions occurred here, the Suhs live here and Law Firm  transacts business here.             .

4.      On or about December 11, 2008, Law Firm sent collection letters to each  of the Suhs at their address of 231 Congressional Lane, Rockville, MD 20852, and the letters were not returned as undeliverable.

5.      On or about January 19, 2010, Law Firm sent collection letters to each  of the Suhs at their address of 231 Congressional Lane, Rockville, MD 20852, and the letters were not returned as undeliverable.

6.      On or about April 23, 2010, Law Firm sent collection letters to each  of the Suhs at their address of 231 Congressional Lane, Rockville, MD 20852, and the letters were not returned as undeliverable.

7.      On or about June 3, 2010, Law Firm sent another letter to the Suhs at their address of 231 Congressional Lane, Rockville, MD 20852, and that letter was not returned as undeliverable.

8.      As a result of these letters, the Suhs knew that Law Firm was actively attempting to collect the Chase debt.

9.      Nonetheless, the Suhs failed to list Law Firm in the Bankruptcy Matrix, Schedule F.

10.    As a direct result of the Suhs' failure to list Law Firm in the bankruptcy, Defendant did not receive notice of the Suhs' bankruptcy filing.

11.    The instant suit, caused by the Suhs' failure to list Law Firm in the bankruptcy filing, is brought in bad faith and for the purposes of harassment, entitling Law Firm to the remedies set forth in 15 U.S.C. §1692k(a)(3).

WHEREFORE, Counterclaimant prays that judgment be entered against Counterclaim Defendants for Counterclaimant's attorney fees reasonably incurred in relation to the work expended as well as for costs, and for such other and further relief as this Court deems just and proper.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esquire
Bar No. 17420
200A Monroe Street, Suite 104
Rockville, MD  20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  bstuart@roncanterllc.com
Attorney for Defendant The Fitzpatrick Law Office, P.C.

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 16th day of March, 2012 to:

> Robinson S. Rowe, Esquire
> 5906 Hubbard Drive, Suite 4A
> Rockville, MD  20852
> Attorney for Plaintiff

 /s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esquire
Attorney for Defendant The Fitzpatrick Law Office, P.C.