**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| HYO JUNG SUH * | |
| IN SOOK SUH * | |
| * | Case No. 8:12-cv-00329-RWT |
| Plaintiffs, * | |
| * | |
| v. * | |
| * | |
| THE FITZPATRICK LAW OFFICE, P.C. * | |
| * | |
| Defendant * | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSE OF DEFENDANT THE FITZPATRICK LAW OFFICE, P.C.**

COMES NOW Hyo Jung Suh and In Sook Suh ("Plaintiffs") through undersigned counsel Robinson S. Rowe and the law firm of Rowe Barnett, PLLC, and file their Memorandum in Support of their Motion to Strike the Affirmative Defense of Defendant The Fitzpatrick Law Office, P.C. pursuant to FED. R. CIV. P. 12(f). Plaintiffs present the following in support:

**I.   BACKGROUND**

On February 2, 2012, Plaintiff s filed this action pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, et seq., seeking redress for Defendant's conduct in attempting to collect a debt from Plaintiffs which they did not owe by virtue of Order of Discharge entered in their bankruptcy case (Case No. 10-27511).

On March 16, 2012, Defendant filed its Answer to the Complaint, including an affirmative defense which simply states:

**FIRST AFFIRMATIVE DEFENSE**

Defendant states that any violation of any state or federal law, which Defendant denies occurred, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

Defendant filed its Answer to the Complaint on March 16, 2012, thereby requiring this Motion to Strike to be filed within 21 days thereof. FED. R. CIV. P. 12(f).

## II.   ARGUMENT

Pleadings may be stricken pursuant to FED R. CIV. P. 12(f) where they fail to fulfill the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure. The United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) clarified FED R. CIV. P. 8 and 9 by holding that pleadings must contain sufficient factual allegations to provide fair notice to the other party.

In *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 535 (D.Md 2010), this Court held that the heightened pleading requirements of *Twombly* and *Iqbal* also applied to affirmative defenses. Accordingly affirmative defenses must be supported by facts that demonstrate the plausibility of the defense proffered and the Court must be able to reasonably infer that the defendant is free from liability.

The Defendant in *Bradshaw*, like the Defendant in this case, plead as an affirmative defense, "Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Bradshaw* at 534. This Court determined that the affirmative defense should be stricken because the defendant "merely copied the language of § 1692k(c), and has not plead facts that would give [the plaintiff] sufficient notice of specific mistake." *Id*. at 537.

The same facts are present in the instant action: Defendant's First Affirmative Defense copies, virtually verbatim, the language from 15 U.S.C. § 1692k(c). Plaintiffs cannot conceivably be put on fair notice as to the factual or legal basis for the purported defense as absolutely no facts are plead in said affirmative defense. Consequently this Court should strike the Defendant's Affirmative Defense pursuant to its decision in *Bradshaw*.

### III. RELIEF REQUESTED

WHEREFORE, Plaintiffs move this Court to strike Defendant The Fitzpatrick Law Office's affirmative defenses pursuant to FED. R. CIV. P. 12(f), and for such other and further relief that this Court deems necessary and proper.

Respectfully submitted this 27th day of March, 2012,

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com