**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

HYO JUNG SUH                              *
IN SOOK SUH                               *
                                          *   Case No. 8:12-cv-00329-RWT
           Plaintiffs,                    *
                                          *
               v.                         *
                                          *
THE FITZPATRICK LAW OFFICE, P.C.          *
                                          *
           Defendant                      *

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

COME NOW Hyo Jung Suh and In Sook Suh, Plaintiffs, and respond to the Counterclaim of Defendant The Fitzpatrick Law Office, P.C.

1. Plaintiffs admit the allegations in Paragraph 1 of Defendant's Counterclaim.
2. Plaintiffs admit the allegations in Paragraph 2 of Defendant's Counterclaim.
3. Plaintiffs admit the allegations in Paragraph 3 of Defendant's Counterclaim.
4. Plaintiffs lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 4 of Defendant's Counterclaim, but to the extent a response is required the allegation is denied.
5. Plaintiffs lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 of Defendant's Counterclaim, but to the extent a response is required the allegation is denied.
6. Plaintiffs lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 6 of Defendant's Counterclaim, but to the extent a response is required the allegation is denied.
7. Plaintiffs lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 7 of Defendant's Counterclaim, but to the extent a response is required the allegation is denied.
8. Plaintiffs deny the allegations in Paragraph 8 of Defendant's Counterclaim.
9. Plaintiffs allege that the documents speak for themselves. Plaintiffs listed Chase on their schedules to be noticed as it was the creditor listed on their credit reports.

10. Plaintiffs deny the allegations in Paragraph 10 of Defendant's Counterclaim. The Fair Debt Collection Practices Act places no onus on the consumer to ensure that the collection agency make no false statements under 1692e(2)(A).[1]

11. Plaintiffs deny the allegations in Paragraph 11 of Defendant's Counterclaim.

**WHEREFORE**, Plaintiffs pray that this Court deny the relief requested by Defendant's Counterclaim and for such other and further relief that this Court deems necessary and proper.

Respectfully submitted this 6th day of April, 2012;

HYO JUNG SUH

IN SOOK SUH

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 4th day of April, 2012 to:

Birgit Dachtera Stuart
200A Monroe Street, Suite 104
Rockville, Maryland 20850

**/s/ Robinson S. Rowe**

---

[1] "The fact that [Defendant] did not know of [Plaintiff's] bankruptcy does not affect whether its conduct was a false representation under the [FDCPA]." J. Motz, Memorandum Order Denying Motion to Dismiss, *Gamble v. Fradkin & Weber, P.A.*, Case No. 8:11-cv-01779-JFM